## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **KARIM FORD (#407792),** Plaintiff | **CIVIL ACTION NO. 1:17-CV-1057-P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **KEITH DEVILLE, ET AL.,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Karim Ford ("Ford"). Ford has been granted leave to proceed *in forma pauperis*. (Doc. 8). Ford is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Winn Correctional Center in Winnfield, Louisiana. Ford complains that he was denied medical care.

## I.    Background

Ford alleges that on June 27, 2017, he requested medical care from Sgt. Wiggins for "a bite and rash" that was spreading down Ford's leg. Ford was informed that, to make a "self-declared emergency," a second officer had to verify the illness or injury. (Doc. 1, p. 5). Ford showed the affected area to another officer, who spoke with Sgt. Wiggins. However, Ford's request for a "self-declared emergency" was denied. (Doc. 1, p. 5). Ford spoke to Lt. Johnson, who escorted Ford to Captain Howard and Major Jordan. Major Jordan informed Ford that Ms. Price from the medical department is the daughter of the warden, so the warden will agree with whatever decision she makes. (Doc. 1, p. 5).

## II. <u>Instructions to Amend</u>

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." <u>Domino v. Tex. Dep't Crim. J.</u>, 239 F.3d 752, 756 (5th Cir. 2001) (quoting <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Ford implies that Ms. Price from the medical department made the decision to deny Ford's request for emergency care. Ford should clarify who he claims actually denied his request for medical care on June 27, 2017. If Ms. Price is the person that denied Ford care, Ford should state what, if anything, each of the other defendants did to violate Ford's constitutional rights.

Ford should amend and state whether he made a regular, non-emergency, request for medical care for the bite and rash after the emergency request was denied. If so, Ford should state the date on which his non-emergency request was made, and whether medical care for the bite and rash was ever provided.

Finally, Ford should state what, if any, injury he suffered as a result of the denial of medical care on June 27, 2017.

III.  **Conclusion**

**IT IS ORDERED** that Ford amend his complaint within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  28th day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge